**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VERNA GAIL GRIFFIN, | ) | CV 15-535-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER RE: |
| | ) | |
| | ) | PLAINTIFF'S PETITION FOR |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ATTORNEY FEES UNDER THE |
| | ) | |
| Defendant. | ) | EQUAL ACCESS TO JUSTICE ACT |
| _____ | ) | |

**INTRODUCTION**

On December 28, 2015, Plaintiff's counsel filed a "Petition for Attorney Fees, Costs, and Expenses Under the Equal Access to Justice Act" (the "Petition"), requesting $6,262.60 in fees and $30 in costs. On February 3, 2016, Defendant filed an opposition to the Petition (the "Opposition"), arguing that the request should be denied or, alternatively, that fees and costs should be reduced, and that the award should be made payable to Plaintiff's counsel only if the award is not subject to any offseting pre-existing debt to the United States. On February 5, 2016, counsel for Plaintiff filed a reply

("Reply").  The Reply requests an additional $950 in fees for five hours of attorney time spent preparing the Reply.  The Court has taken the matter under submission without oral argument.  <u>See</u> Fed. R. Civ. P. 78(b); L.R. 7-15; Minute Orders filed January 4, 2016 and February 4, 2016.

As discussed below, the Petition is granted in part.  The government's position was not substantially justified.  The fees requested are reasonable, except for four of the five hours requested for the preparation of the Reply and 0.2 hours of paralegal time. Absent offset, the fees may be paid directly to counsel for Plaintiff.

**BACKGROUND**

Plaintiff filed a complaint on January 23, 2015, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on March 19, 2015.

After reviewing the parties' cross-motions for summary judgment, the Court remanded the matter for further administrative proceedings. The Court found that the Administrative Law Judge ("ALJ") materially mischaracterized the record in evaluating the opinion of Dr. Conwisar, and gave legally insufficient reasons for rejecting Plaintiff's testimony regarding her alleged symptoms.  <u>See</u> Memorandum Opinion and Order of Remand, filed September 30, 2015; <u>see also</u> Plaintiff's Motion for Summary Judgment, filed July 15, 2015, at 9-13.
///
///

Defendant's motion for summary judgment had argued that the ALJ properly disregarded Dr. Conwisar's opinion as allegedly: (1) inconsistent with his previous opinions regarding Plaintiff's functional capacity; (2) based "mostly" on Plaintiff's own self-reports of knee pain which Dr. Conwisar did not examine or treat, and which assertedly were contradicted by the Agreed Medical Examiner's examination just 17 days prior. See Defendant's Motion for Summary Judgment, filed September 14, 2015, at 4-6. Defendant also had argued that the ALJ properly disregarded Plaintiff's subjective complaints as purportedly inconsistent with the medical evidence and because Plaintiff assertedly received only "routine and conservative treatment" (a reason on which the ALJ did not rely in rejecting Plaintiff's credibility). Id. at 8-9; compare A.R. 19 (ALJ's reasoning).

**APPLICABLE LAW**

The Equal Access to Justice Act ("EAJA") provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action . . . , including proceedings for judicial review of an agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

1    28 U.S.C. § 2412(d)(1)(A) (emphasis added).  "[F]ees and other

2    expenses" include "reasonable attorney fees."  28 U.S.C. §

3    2412(d)(2)(A).

4

5        "It is the government's burden to show that its position was

6    substantially justified or that special circumstances exist to make

7    the award unjust."  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th

8    Cir. 2001).  "'Substantially justified' means "'justified in substance

9    or in the main' — that is, justified to a degree that could satisfy a

10   reasonable person."  Id. (quoting Pierce v. Underwood, 487 U.S. 552,

11   565 (1988)).  In other words, where "reasonable people could differ as

12   to the appropriateness of the contested action," the government's

13   position is substantially justified.  Pierce v. Underwood, 487 U.S. at

14   565 (internal brackets, quotations and citations omitted).

15   Substantial justification requires that the government's position have

16   a "reasonable basis both in law and in fact."  Id. at 565-66; see also

17   Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 n.6 (1990); Thangaraja

18   v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (substantial

19   justification is equated with reasonableness).

20

21       In viewing the conduct of the government, "the remedial purpose

22   of the EAJA is best served by considering the totality of the

23   circumstances."  United States v. Gavilan Joint Community College

24   Dist., 849 F.2d 1246, 1248 (9th Cir. 1988) (citation omitted).  The

25   Court must examine both the government's pre-litigation and litigation

26   positions.  Id.; see Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir.

27   1998) ("The government's position must be 'substantially justified' at

28   each stage of the proceedings.") (quotations and citation omitted).

1  In the Social Security context, the government's position includes
2  "both the government's litigation position and the underlying agency
3  action giving rise to the civil action." Meier v. Colvin, 727 F.3d
4  867, 870-72 (9th Cir. 2013); see also 28 U.S.C. § 2412(d)(2)(D)
5  ("'position of the United States' means, in addition to the position
6  taken by the United States in the civil action, the action or failure
7  to act by the agency upon which the civil action is based . . ."). In
8  evaluating the reasonableness of the government's position, the Court
9  must "focus on the remand issue[s] rather than the ultimate disability
10  determination." Lewis v. Barnhart, 281 F.3d 1081, 1086 (9th Cir.
11  2002). When the ALJ's decision is the final decision of the
12  Administration, the ALJ's decision is the "action or failure to act by
13  the agency upon which the civil action is based," and so is the
14  decision reviewed for substantial justification. Meier v. Colvin, 727
15  F.3d at 870-72.

16

17      When an error in the administrative decision was not
18  substantially justified,[1] the Second, Third, and Ninth Circuits
19  require an award of EAJA fees regardless of whether the government's
20  ///

_____

22      [1]   A lack of substantial justification should not be
    confused with a lack of substantial evidence to support an
23  administrative decision. "[W]hen an agency's decision is
    unsupported by substantial evidence, it is a strong indication
24  that the position of the United States is not substantially
    justified." Campbell v. Astrue, 736 F.3d 867, 868-69 (9th Cir.
25  2013) ("Campbell"). In Campbell, however, the Ninth Circuit
    stressed that it has never held that a claimant must be awarded
26  EAJA fees every time an ALJ's decision is reversed for lack of
    substantial evidence. Id.; see also Santos v. Colvin, 2014 WL
27  108195, at *3 n.3 (W.D. Wash. Jan. 9, 2014) (discussing the
    limited nature of the holding in Campbell).
28

subsequent litigation position was substantially justified.[2] <u>See</u> <u>Tobeler v. Colvin</u>, 749 F.3d 830, 834 (9th Cir. 2014) ("Because the government's <u>underlying</u> position was not substantially justified, we award fees, even if the government's <u>litigation</u> position may have been justified.") (emphasis original); <u>Meier v. Colvin</u>, 727 F.3d at 872-73 (awarding EAJA fees where ALJ's position was not substantially justified; declining to address whether the government's litigation position was substantially justified); <u>Morgan v. Perry</u>, 142 F.3d 670, 685 (3d Cir. 1998), <u>cert. denied</u>, 525 U.S. 1070 (1999) (if either the government's pre-litigation or litigation position is not substantially justified, the prevailing party should be awarded EAJA fees); <u>Smith by Smith v. Bowen</u>, 867 F.2d 731, 734 (2d Cir. 1989) (court must award EAJA fees where underlying government position is not substantially justified, "even if Government's litigation position is itself reasonable when considered alone").[3]

---

[2]    This statement must be qualified in at least one respect.  The EAJA permits the denial of fees when the court finds "that special circumstances make an award unjust."  <u>See</u> 28 U.S.C. § 2412(d)(1)(A).  In the present case, Defendant fails to argue and it fails to appear that any "special circumstances make an award unjust."

[3]    The Fourth, Fifth, Seventh, and Tenth Circuits appear to disagree somewhat with the Second, Third and Ninth Circuits on this issue.  <u>See</u> <u>DaSilva v. U.S. Citizenship & Immigration Services</u>, 599 Fed. App'x 535, 539 (5th Cir. 2014) (government may justify its position "merely by showing that there was a 'genuine dispute' or that 'reasonable people could differ' as to the agency action") (citation omitted); <u>United States v. 515 Granby, LLC</u>, 736 F.3d 309, 315-17 (4th Cir. 2013) (stating that unreasonable pre-litigation position generally will lead to award of attorney's fees, even if government's litigation position was reasonable, but refusing to adopt a bright-line rule requiring fees in such cases); <u>Hackett v. Barnhart</u>, 475 F.3d 1166, 1174 (10th Cir. 2007) ("<u>Hackett</u>") (refusing to state categorically
(continued...)

**ANALYSIS**

I.   **Under Current Ninth Circuit Law, Plaintiff is Entitled to EAJA Fees.**

In remanding the case for further administrative proceedings, the Court found: (1) the ALJ materially mischaracterized the record in evaluating the opinion of Dr. Conwisar, a treating physician; (2) the ALJ's adverse credibility determination did not account for Plaintiff's complaints of disabling side effects from her pain medication, and the ALJ reasoned, without any support in the record, that Plaintiff had not pursued all available pain treatment modalities. See Memorandum Opinion and Order of Remand at 10-14, 17-20.

Where an "ALJ rejected a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons, and committed several errors in assessing [the claimant's] residual functional capacity . . . [i]t follows a fortiori that the government's defense of the ALJ's procedural errors was not substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071-72 (9th Cir. 2008) ("Shafer") (citing Corbin v. Apfel, 149 F.3d at 1053;

---

[3](...continued)
that a reasonable litigation position by the government can never "cure" unreasonable agency action); Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994) ("the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis") (emphasis added); see also Evans v. Colvin, 2016 WL 362438, at *1 (10th Cir. Jan. 29, 2016) (reaffirming Hackett).

see also <u>Peck v. Social Security Administration</u>, 379 Fed. App'x 573 (9th Cir. 2010) (in affirming denial of EAJA fees, distinguishing the case from <u>Shafer</u> because "the ALJ here did not fail to do anything that he was supposed to do").[4]  Similarly, the government's pre-litigation position lacked a reasonable basis in fact where the ALJ "mis-character[ized] [] the medical evidence" and lacked a reasonable basis in law where the ALJ "failed to inquire adequately" and "take adequate account" of the evidence.  <u>Sampson v. Chater</u>, 103 F.3d 918, 922 (9th Cir. 1996); <u>compare</u> <u>Lewis v. Barnhart</u>, 281 F.3d at 1084-86 (where an ALJ mischaracterized evidence concerning the claimant's past relevant work, the government's position, though incorrect, was substantially justified in law and fact because the ALJ properly could rely on a claimant's testimony to define past relevant work, and other statements in the record provided some support for the ALJ's determination; there was no claim that the ALJ failed to do anything the ALJ was supposed to do).  In the present case, the ALJ's material mischaracterizations of the record lacked substantial justification.

The ALJ also unreasonably erred in failing expressly to consider the alleged side effects of Plaintiff's pain medications.  <u>See</u> <u>Varney v. Secretary</u>, 846 F.2d 581, 585 (9th Cir. 1988) (an ALJ may not disregard testimony about the side effects of medication unless the

---

[4]    In <u>Shafer</u>, the ALJ rejected the treating physician's opinion because a non-examining medical expert opined that the treating physician's opinion "was not consistent with his treatment notes and with the objective evidence of record." <u>Shafer</u>, 518 F.3d at 1069 & n.3.  The ALJ's reasoning was "factually incorrect," because the expert "did not comment upon, let alone contradict" the treating physician's assessment.  <u>Id.</u> at n.3.

ALJ makes "specific findings similar to those required for excess pain testimony"); 20 C.F.R. § 404.1529(c)(3)(iv) ("We will consider . . . side effects of any medication you take or have taken to alleviate your pain or other symptoms"); Social Security Ruling 96-7p (mandating consideration of side effects of pain medication).  Accordingly, the government's pre-litigation position was not substantially justified, and an award of fees is required.  Cf. Sampson v. Chater, 103 F.3d at 921 ("A finding that an agency's position was substantially justified when the agency's position was based on violations of . . . the agency's own regulations[] constitutes an abuse of discretion.") (citations omitted).

Defendant suggests that the government's litigation position was reasonable in part because the ALJ assertedly could have rejected Dr. Consiwar's opinions in reliance on the alleged inconsistencies with the medical records and the degree to which Dr. Conwisar purportedly relied on Plaintiff's subjective complaints.  See Opposition, p. 4 (citing Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) and Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999)).  Defendant's suggestion, like Defendant's motion for summary judgment, overlooks or minimizes the ALJ's material mischaracterizations of the record and the other errors discussed above.  In any event, a determination that the government's litigation position was reasonable would not change the result herein.  See Meier v. Colvin, 727 F.3d at 872-73 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified"); accord Tobeler v. Colvin, 749 F.3d at 832; Schneider v. Colvin, 2016 WL 500595, at *2 (E.D. Cal. Feb. 9, 2016); Derr v.

Colvin, 2015 WL 9268455, at *5 (D. Ariz. Dec. 21, 2015) (same; stating that consideration of the government's position in litigation in the present case would "inevitably result in the conclusion that the government's defense of the ALJ's errors is not substantially justified" where "Defendant's brief on the merits defended the ALJ's improper rejection of [the treating physician's] opinion and Plaintiff's credibility . . . and essentially restated the same reasons cited in the ALJ's decision").

## II.   **A Reduced Fee Award is Appropriate.**

Having determined that the government's position was not substantially justified, the Court considers the reasonableness of the fees requested.  Plaintiff requests $6,262.60 in fees for time spent before the Court, at a rate of $190 per hour for 29.5 hours of attorney time, and at a rate of $137 per hour for 4.8 hours of paralegal time, plus $30 in in-house "postage fees" and time to effect service based on what a private process server would charge, and another $950 in fees for five hours of attorney time spent preparing the Reply.  See Petition at 2; Declaration of Vijay J. Patel at ¶¶ 7-9; Exhibit 1 (billing itemization); Reply at 2.

Under the EAJA, attorney fees are set at the market rate, but capped at $125 per hour, subject to a cost of living adjustment.  See 28 U.S.C. § 2412(d)(2)(A).  The EAJA explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent the party "unduly and unreasonably protracted the final resolution" of the case.  28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D).

When considering eligibility for a fee award under the EAJA, a court
should "treat[] a case as an inclusive whole, rather than as atomized
line-items."  Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161-62
(1990); see also In re Southern California Sunbelt Developers, Inc.,
608 F.3d 456, 463 (9th Cir. 2010).  "[A]bsent unreasonably dilatory
conduct by the prevailing party in 'any portion' of the litigation,
which would justify denying fees for that portion, a fee award
presumptively encompasses all aspects of the civil action."
Commissioner v. Jean, 496 U.S. at 161; Hensley v. Eckerhart, 461 U.S.
424, 435 (1983) ("[T]he fee award should not be reduced simply because
the plaintiff failed to prevail on every contention raised in the
lawsuit. . . .  The result is what matters.") (internal citation
omitted).

     Defendant contends that the hours requested are excessive "as the
only issues presented are commonplace for disability cases," and
assertedly "exceed[] the time required to process entire routine
social security cases with similarly mundane issues."  See Opposition
at 7.  Defendant requests the following reductions from a fee award:
(1) five hours of attorney time from the original hours request "to
ensure that Plaintiff's requests are in line with what other courts
have found reasonable"; (2) 6.9 hours of attorney time equating to a
23 percent reduction of time spent preparing Plaintiff's motion for
summary judgment because the motion exceeded the allowable page length
by three pages (i.e., the motion was 13 pages long); (3) no recovery
of service costs as Plaintiff has not documented what service costs
were actually incurred; and (4) 2.3 hours of paralegal time for time
spent prior to the filing of the complaint, as assertedly non-

1  recoverable.  <u>See</u> Opposition at 8-9.

2

3      The Court has reviewed the entire record.  There is no indication

4  in the record that Plaintiff's counsel engaged in dilatory conduct

5  during any part of counsel's representation.  Nor does it does appear

6  that the time spent preparing Plaintiff's motion for summary judgment

7  was excessive or otherwise unnecessary in light of the needs of this

8  case.  <u>Hensley v. Eckerhart</u>, 461 U.S. at 434.  Counsel began

9  representing Plaintiff after the ALJ's adverse decision (<u>see</u> A.R. 1-4;

10  Exhibit 3 (retainer agreement)), and had to acquaint himself with a

11  1,435 page administrative record.  Consequently, it is understandable

12  that 24.3 hours of attorney time were required to produce Plaintiff's

13  motion for summary judgment.[5]

14

15      Except as otherwise discussed herein, the Court finds that the

16  hours reported and fees requested in the Petition are reasonable.

17  Plaintiff's original request for compensation for 27.5 hours of

18  attorney time and 4.8 hours of paralegal time (exclusive of time spent

19  litigating the EAJA request) falls within the range of reasonable

20  hours generally reported.  <u>See</u> <u>Costa v. Commissioner</u>, 690 F.3d 1132,

21  1136 (9th Cir. 2012) ("Many district courts have noted that twenty to

22  forty hours is the range most often requested and granted in social

23  security cases.") (citation omitted).

24

25 _____

26      [5]   The Court rejects Defendant's apparent suggestion that
   Plaintiff's counsel must have spent more time preparing a 13 page
   brief than counsel would have spent preparing a brief in
27  compliance with the Court's 10 page limitation.  <u>Cf.</u> Blaise
   Pascal, <u>Provincial Letters: Letter XVI</u> (1657) ("I would have
28  written a shorter letter, but I did not have the time").

1    Because Plaintiff is entitled to reasonable fees for time spent
2   litigating the EAJA fee request, the Court will allow a reasonable fee
3   for preparation of the Petition.  See Commissioner, I.N.S. v. Jean,
4   496 U.S. at 165-66.  The Court finds that the 2.0 hours counsel spent
5   in litigating the EAJA request and preparing the Petition are
6   reasonable.  However, the fee requested for an additional five hours
7   of time to prepare the Reply is not reasonable.  See Hensley v.
8   Eckerhart, 461 U.S. at 434 (counsel's hours "that are excessive,
9   redundant, or otherwise unnecessary" should be excluded); Tahara v.
10  Matson Terminals, Inc., 511 F.3d 950, 956 (9th Cir. 2007) (upholding
11  district court's refusal to award fees for duplicative work).  The
12  Reply responded to the Opposition but was largely duplicative of the
13  Petition and of Plaintiff's Motion for Summary Judgment.  The
14  duplication (which reasonably should not have required much time) did
15  not assist the Court.  For instance, Sections 1 and 2 of the Reply
16  duplicated the Petition's discussion of the burden of proof.  Compare
17  Reply at 4 with Petition at 5.  The discussion of the medical evidence
18  in Section 2 of the Reply duplicated discussion from the Motion for
19  Summary Judgment and addressed a contention upon which the Court did
20  not remand.  Compare Reply at 5 with Plaintiff's Motion for Summary
21  Judgment at 5, 7-8.  The discussion of the ALJ's credibility
22  determination in Section 2 of the Reply repeated the Court's analysis
23  from the Memorandum Opinion and Order of Remand and Plaintiff's
24  related argument from Plaintiff's Motion for Summary Judgment.
25  Compare Reply at 5-6 with Memorandum Opinion and Order of Remand at 19
26  and Plaintiff's Motion for Summary Judgment at 12.  Finally, Section 4
27  of the Reply offered no new authority in support of Plaintiff's
28  argument that fees should be made payable to counsel.  Compare Reply

13

1  at 8-9 with Petition at 13-15.  Accordingly, the Court finds that
2  Plaintiff is entitled to only one additional hour of fees for the
3  preparation of the Reply.

4

5      Regarding paralegal time, the Court finds appropriate a reduction
6  of 0.2 hours of paralegal time from the 0.3 hours reported as time
7  spent preparing the proof of service for the complaint.  Three tenths
8  of an hour is excessive for the simple task performed.  Otherwise, the
9  fees requested for paralegal time, incurred in preparing the initial
10 filing with the Court (and not in connection with Plaintiff's
11 administrative proceedings), are reasonable.  Contrary to Defendant's
12 argument, Plaintiff is not precluded from seeking compensation for
13 work performed prior to filing the action.  See, e.g., Thompson v.
14 Astrue, 2012 WL 5949218, at *2 (E.D. Cal. Nov. 28, 2012) (rejecting
15 similar argument); compare Melkonyan v. Sullivan, 501 U.S. 89, 97
16 (1991) (under certain circumstances, attorneys fees may be recoverable
17 for work done at the administrative level following a remand)
18 (citation omitted); Mendenhall v. NTSB, 213 F.3d 464, 469 (9th Cir.
19 2000), overruled on other grounds, Gonzalez v. Arizona, 677 F.3d 383
20 (9th Cir. 2012) (en banc) (the EAJA does not permit fees for work
21 conducted during pre-litigation administrative proceedings; emphasis
22 added).

23

24     The Court also finds that Plaintiff is entitled to the $30 in
25 costs for service of process.  See L.R. 54-3.2 (identifying fees for
26 service of process as a taxable cost); Brazile v. Colvin, 2015 WL
27 9239723, at *3 (C.D. Cal. Dec. 16, 2015) (finding that $30 for filing
28 and service of the complaint was reasonable); Samsaquan v. Colvin,

2014 WL 4988205, at *4 (C.D. Cal. Oct. 6, 2014) (same for $60 service fee); see also Fambrough v. Commissioner of Social Security, 2016 WL 500605, at *4 (E.D. Cal. Feb. 9, 2016) (finding that Plaintiff was entitled to $30 in unspecified costs).

In sum, Plaintiff is entitled to the following:

| | |
|---|---:|
| 30.5 hours of attorney time at $190/hour | $5,795.00 |
| 4.6 hours of paralegal time at $137/hour | 630.20 |
| Costs | 30.00 |
| Total | $6,455.20 |

**III.   The Fees May be Paid Directly to Plaintiff's Counsel, Absent an Offset for Any Indebtedness Owed by Plaintiff to the Government.**

An EAJA fee award generally is payable to the prevailing litigant rather than to the prevailing litigant's attorney. See Astrue v. Ratliff, 560 U.S. 586, 596-97 (2010). However, Plaintiff assigned her EAJA fees to her counsel. See Petition, Exhibit 3 (retainer agreement containing assignment at ¶ 4). Defendant concedes that if Plaintiff does not owe a government debt that qualifies for an offset, payment may be made in the name of the attorney based on the government's discretionary waiver of the Anti-Assignment Act, 31 U.S.C. § 3727. See Opposition at 10; see also United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015) (to the extent the Anti-Assignment Act may apply to EAJA fee awards, "[i]t is well established . . . that the Government can waive coverage of the Anti-Assignment Acts.") (citation omitted). The fees therefore are payable to Plaintiff's counsel, as

1   Plaintiff's assignee, absent offset by reason of any outstanding

2   federal indebtedness owing from Plaintiff under 31 U.S.C. section

3   3716.  See, e.g., Fambrough v. Commissioner of Social Security, 2016

4   WL 500605, at *5 (finding that payment could be made directly to

5   counsel if Plaintiff does not owe a government debt and the government

6   waives the Anti-Assignment Act's requirements; citing district court

7   cases finding same); Yesipovich v. Colvin, 2015 WL 5675869, at *8

8   (N.D. Cal. Sept. 28, 2015) (same).

9

10                      **CONCLUSION AND ORDER**

11

12        For all the foregoing reasons, IT IS ORDERED that Plaintiff is

13   awarded attorney fees and costs under the EAJA in the amount of

14   $6,455.20.  If the government determines that Plaintiff does not owe a

15   federal debt, then the government, shall cause the payment of the

16   award to be made directly to THE LAW OFFICES OF LAWRENCE D. ROHLFING

17   pursuant to the assignment executed by Plaintiff.  This award is

18   without prejudice to the rights of Plaintiff and Plaintiff's counsel

19   to seek attorney fees under 42 U.S.C. § 406, if appropriate.

20

21        DATED: March 4, 2016.

22

23                         _____
                                    /S/
                           CHARLES F. EICK
24                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28